**Exhibit 1**

BRUCE H. WAKUZAWA  #4312
Law Offices of Bruce H. Wakuzawa, ALC
Dillingham Transportation Building
735 Bishop Street, Suite 226
Honolulu, Hawai`i 96813
Telephone: (808) 523-1007
Facsimile: (808) 356-3303
Email: Bruce@brucewakuzawa.com

Electronically Filed
FIRST CIRCUIT
1CCV-22-0000672
09-JUN-2022
06:13 PM
Dkt. 2 CMPS

Attorney for Plaintiff
Martin Defense Group, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| MARTIN DEFENSE GROUP, LLC, a Hawai`i Limited Liability Company,<br><br>Plaintiff,<br>vs.<br><br>ASPEN AMERICAN INSURANCE COMPANY, a Texas Corporation; CLIFFORD H.W. CHEN; DOE DEFENDANTS 1-100,<br><br>Defendants. | Civil No. _____<br>(Other Civil Action)<br><br>**COMPLAINT**; JURY DEMAND; SUMMONS |

## **COMPLAINT**

Plaintiff MARTIN DEFENSE GROUP, LLC ("MDG") files this Complaint

against Defendants ASPEN AMERICAN INSURANCE COMPANY ("Aspen"),

CLIFFORD H.W. CHEN ("Chen"), and DOE DEFENDANTS 1-100 (all defendants

are collectively referred to as "Defendants") and alleges as follows:

Exhibit 1

## **INTRODUCTION**

1.      This Complaint is based upon (A) Aspen's unreasonable and bad faith handling of claims asserted against its insured, MDG. Aspen abandoned and refused to defend and indemnify MDG with respect to claims asserted against MDG as more fully discussed below. Aspen's unreasonable conduct and bad faith included, without limitation, (a) refusing to defend and indemnify MDG without a reasonable basis, (b) purposefully selecting and misinterpreting self-serving snippets from the subject policy and the underlying claims to justify its refusal to defend and indemnify MDG, (c) refusing to reasonably reconsider its position after MDG demonstrated the erroneous assumptions in Aspen's initial denial letter, (d) selecting and misinterpreting the relevant law of Hawai`i, which established Aspen's duty to defend and indemnify MDG with respect to the underlying claims, (e) failing to conduct a reasonable investigation, and (f) failing to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for a denial of MDG's Tender. As a result of Aspen's bad faith, MDG suffered significant damages from, *inter alia,* being forced to retain and pay for defense counsel and from Aspen's refusal to provide Policy benefits for covered claims and/or (B) Chen's gross negligence in handling MDG's insurance program and obtaining a directors & officers ("D&O") liability policy, which Aspen contends does not provide a defense or coverage for the underlying claims as set forth below.

**JURISDICTION**

2.      This Court has jurisdiction over this action pursuant to Hawai`i Revised Statutes ("H.R.S."), §§ 603-21.5 and 603-21.9. The claims underlying this action arose in the State of Hawai`i.

3.      Venue is appropriate pursuant to H.R.S., § 603-36.

**PARTIES**

4.      MDG is a Hawai`i limited liability corporation with its primary place of business in the City and County of Honolulu.

5.      Upon information and belief, Aspen is a Texas Corporation, with its principal place of business in Rocky Hill, Connecticut.

6.      Upon information and belief, Chen is a resident and citizen of the City and County of Honolulu, State of Hawai`i.

7.      At all relevant times, Aspen sold insurance policies and conducted business in the State of Hawai`i.

8.      Doe Defendants 1-100 (collectively "Doe Defendants") are being sued under fictitious names because, despite diligent and good faith efforts, their true names and identities are presently unknown to MDG, except they are or were connected in some manner with the other parties to this action and/or agents, principal partners, officers, directors, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, sublessors, guarantors, assignees, assignors, licensees, licensors,

3

transferees, delegators, delegates, obligors and/or obligees of the other parties to this action, or in some manner presently unknown to MDG are or were engaged in the activities alleged and/or were in some manner responsible for the injuries and/or damage to MDG and/or in some manner are or may be related to and jointly liable with one or more of the other parties to this action. Counsel has diligently attempted to discover the identities of these defendants by investigating the facts of this case and reviewing relevant documents. The identities of Doe Defendants may be disclosed during the course of discovery, and MDG reserves the right to identify them at that time.

## **FACTS**

### Policy

9.      Aspen sold to MDG, and insured under, a Management Liability Package for Private Companies, with a policy period from October 1, 2020 to October 1, 2021, Policy No. DSUMLP002444-20 ("Policy").

10.      The Policy includes a Directors & Officers and Entity Liability Section, referred to as "D&O Coverage Section," with MDG as the Named Insured.

11.      Entity Liability coverage is contained in Insuring Agreement C of the D&O Coverage Section ("Insuring Agreement C").

12.      Among other things, Insuring Agreement C obligated Aspen to "pay, on behalf of an Organization, Loss, which the Organization becomes legally obligated to pay resulting from a Claim first made against the Organization during

the Policy Period, or, if applicable, the Extended Reporting Period, for a Wrongful Act."

13.     "Loss" is defined in the "D&O Coverage Section" of the Policy as "the amount the **Insured** becomes legally obligated to pay as a result of any **Claim,** including **Defense Costs**, compensatory, punitive, exemplary or multiple damages, judgments, settlements, an award of pre-judgment and post-judgment interest with respect to covered damages, and civil fines or civil penalties assessed against an **Insured Person** for an unintentional or non-willful violation of law (including without limitation pursuant to Section 2(g)(2)(B) of the Foreign Corrupt Practices Act, 15 U.S.C. §78dd-2(g)(2)(B))."

14.     "Claim" is defined to include, *inter alia.,* "2.   a civil proceeding against an Insured commenced by the service of a complaint or similar pleading upon the Insured; … 5. an arbitration … proceeding against an Insured commenced by the Insured's receipt of a demand for arbitration … or similar document…."

15.     "Defense Costs" is defined as "that part of a Loss consisting of reasonable and necessary costs, charges, fees (including attorneys' fees, expert fees and Electronic Discovery Defense Expenses) …."

16.     The "D&O Coverage Section" of the Policy imposed on Aspen the "duty to defend any Claim covered by this D&O Coverage Section even if the allegations are groundless, false or fraudulent."

17.     The Policy which Aspen sold to MDG included a coverage section, entitled "Crime Coverage Section."

18.     The "Crime Coverage Section" under the Policy provides coverage for, *inter alia.,* employee theft.

19.     The Policy includes a "Specific Litigation/Event Exclusion," which purports to modify certain insurance provided under the Policy.

20.     The "Specific Litigation/Event Exclusion" provides that "the Insurer shall not be liable to make any payment for Loss, in connection with any Claim made against any Insured based upon, arising out of, directly or indirectly resulting from, in consequence of, attributable to, or in any way involving any of the claims, notices, events, investigations or actions described below (each listed matter constituting an 'Event')."

21.     "Specific Litigation/Event Exclusion" defines "Event" as "Event: U.S. Justice Department Matter – September 28, 2020 regarding Martin Kao."

22.     MDG paid all premiums due for the Policy.

23.     MDG complied with all terms and conditions of the Policy.

                    The Federal Criminal Complaint Against Kao

24.     On or about September 29, 2020, the United States of America filed a criminal complaint against Kao in the United States District Court for the District of Hawai`i ("Federal Complaint against Kao").

25.     The Federal Complaint against Kao includes an allegation that "[i]n or about April 2020," Kao attempted to obtain monies by submitting false documents to Central Pacific Bank "in the application process for a CARES Act Paycheck Protection Program ("PPP") loan of approximately $10,000,000.00."

26.     PPP funds were authorized in the Coronavirus Aid, Relief, and Economic Security ("CARES") Act of March 2020.

27.     The Federal Complaint against Kao is exclusively based on Kao's alleged wrongful acts in connection with applying for and obtaining PPP funds.

<u>Underlying Tendered Claims</u>

28.     On November 9, 2020, Navatek Capital, Inc. ("NCI") filed a lawsuit, naming Martin Kao as a Defendant and MDG as a Nominal Defendant ("NCI Lawsuit").

29.     The NCI lawsuit included allegations that "Defendant Kao made at least five (5) withdrawals from the Company's operating bank account … at Central Pacific Bank ("CPB") in the total amount of $10,020,200.00, of which approximately $3,736,599.10 is not traceable to PPP loans."

30.     On or about March 10, 2021, Kao filed a Motion to Dismiss the Alternative to Compel Arbitration.

31.     On or about May 4, 2021, NCI submitted to Dispute Prevention & Resolution a Demand for Arbitration against respondents Kao and MDG ("NCI Arbitration Demand").

32.     The NCI Arbitration Demand included allegations that Kao made improper distributions to himself "in or around December 2019."

33.     The NCI Arbitration Demand included allegations that Kao made improper distributions to himself "in or around February 2020."

34.     The NCI Arbitration Demand included allegations that Kao made "[o]ther Unmatched Distributions" without any reference to the date of which those distributions occurred.

35.     The NCI Arbitration Demand included allegations that Kao made improper political contributions in 2019.

36.     The NCI Arbitration Demand included allegations that "in or around 2019," Kao improperly caused monies to be paid "into his alter-ego foundation …."

37.     The NCI Arbitration Demand included allegations of wrongdoing by Kao without specifying the dates on which the wrongdoing occurred.

38.     On or about May 19, 2021, Kao submitted an answer to the NCI Arbitration Demand and included a Cross-Claim against MDG ("Kao Arbitration Cross-Claim").

39.     Among other things, the Kao Arbitration Cross-Claim alleged that MDG had demanded from Kao reimbursement of $500,000.00 in loans to various foundations without disclosing that MDG had already received reimbursement of $300,000.00.

40.     The Kao Arbitration Demand does not identify the date on which MDG allegedly received the $300,000.00 or the date on which MDG demanded reimbursement of $500,000.00.

41.     In the NCI Arbitration and Kao Arbitration proceedings, MDG asserted claims against Kao for unlawfully taking money and/or property of MDG.

8

<u>Tender To Aspen</u>

42.     In a letter dated July 26, 2021, MDG, through counsel, tendered to Aspen for a full defense and indemnity various claims referenced in the preceding paragraphs, including without limitation the claims in the NCI Lawsuit, the NCI Arbitration Demand, the Kao Arbitration Cross-Claim, and MDG's claims against Kao ("Tendered Claims").

43.     In a letter dated August 23, 2021, Aspen, through counsel, rejected MDG's tender and refused to defend and indemnify MDG with respect to the Tendered Claims on grounds that coverage was allegedly precluded by the "Specific Litigation/Event Exclusion."

44.     In a letter dated September 2, 2021, MDG, through counsel, requested Aspen's reconsideration of its rejection of MDG's tender of the Tendered Claims.

45.     In the September 2, 2021 letter, MDG's counsel explained why the "Specific Litigation/Event Exclusion" did not eliminate all possibilities of coverage with respect to the Tendered Claims.

46.     In a letter dated September 24, 2021, Aspen, through counsel, rejected MDG's request for reconsideration and continued to take the position that the "Specific Litigation/Event Exclusion" eliminated all possibilities of coverage.

47.     As a result of Aspen's refusal to defend and indemnify MDG, MDG incurred over $1 million in attorneys' fees and costs in defending itself and

responding to the Tendered Claims and has incurred a loss in excess of over

$600,000.00 as a result of Kao's unlawful taking of money and/or property of MDG.

<u>Chen</u>

48.     From approximately January 2019 until January 2021, Chen

served as MDG's Chief Financial Officer ("CFO"),

49.     As MDG's CFO, Chen was responsible for MDG's insurance

program and ensuring that MDG obtained proper insurance policies, including

without limitation, D&O insurance policies.

50.     Chen was directly involved in obtaining the Aspen Policy

referenced above.

**FIRST CLAIM**

**(Negligence - Aspen)**

51.     MDG incorporates by reference, as if restated herein in their

entirety, the allegations in the preceding paragraphs.

52.     Aspen owed, and owes, MDG a duty of reasonable care in

responding to MDG's tender of the Tendered Claims and in responding to MDG's

request for reconsideration of Aspen's refusal to defend and indemnify MDG with

respect to the Tendered Claims.

53.     Aspen breached its duty of care to MDG, *inter alia.,* by

negligently (a) failing to reasonably and objectively analyze its duty to defend

and/or duty to indemnify MDG with respect to the Tendered Claims, (b) failing to

analyze the requirements for an insurer which relies upon an exclusion to deny a

duty to defend and/or indemnify its insured, (c) failing to properly consider and investigate MDG's request for reconsideration of Aspen's refusal to defend and/or indemnify MDG with respect to the Tendered Claims, and (d) failing to reasonably reconsider its refusal to defend and/or indemnify MDG and, at a minimum, to defend MDG under a reservation of rights.

54.   As a result of Aspen's breach of duty, MDG suffered damages in an amount to be determined at trial.

## SECOND CLAIM

## (Bad Faith - Aspen)

55.   MDG incorporates by reference, as if restated herein in their entirety, the allegations in the preceding paragraphs.

56.   Aspen owed, and owes, MDG a duty of good faith and fair dealing.

57.   Aspen's duty of good faith and fair dealing, which it owes to MDG, continues to the present.

58.   Aspen violated its duty of good faith and fair dealing by, *inter alia*:

(a) refusing to defend and indemnify MDG without a reasonable basis;

(b) purposefully selecting and misinterpreting self-serving snippets from the subject policy and the underlying claims to justify its refusal to defend and indemnify MDG;

(c) refusing to reasonably reconsider its position after MDG demonstrated the erroneous assumptions in Aspen's initial denial letter;

(d) selecting and misinterpreting the relevant law of Hawai`i, which established Aspen's duty to defend and indemnify MDG with respect to the underlying claims;

(e) failing to conduct a reasonable investigation;

(f) failing to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for a denial of MDG's Tender;

(g)     failing to reasonably and objectively analyze its duty to defend and/or duty to indemnify MDG with respect to the Tendered Claims;

(h)     failing to analyze the requirements for an insurer which relies upon an exclusion to deny a duty to defend and indemnify its insured; and

(i)     mispresenting the applicable law in the State of Hawai`i for Aspen's refusal to defend and/or indemnify MDG, including without limitation the law pertaining to an insurer's attempt to disclaim a duty to defend and/or indemnify on the basis of an exclusion in the policy.

59.     As a result of Aspen's breach of its duties of good faith and fair dealing, MDG has suffered damages in an amount to be proven at trial.

## THIRD CLAIM

### (Declaratory Judgment - Aspen)

60.     MDG incorporates by reference, as if restated herein in their entirety, the allegations in the preceding paragraphs.

61.     Based on Aspen's conduct and position, there is now an actual and continuing controversy between MDG and Aspen regarding provisions under the Policy.

62.     A declaratory judgment will terminate the controversy.

63.     MDG is entitled to a declaratory judgment that Aspen has, and had, a duty to defend and/or indemnify MDG with respect to the Tendered Claims and that Aspen is liable to MDG for all damages caused by its negligence and bad faith.

## FOURTH CLAIM

### (Gross Negligence – Chen)

64.      MDG incorporates by reference, as if restated herein in their entirety, the allegations in the preceding paragraphs.

65.     As MDG's CFO, Chen owed MDG a duty of reasonable care in obtaining insurance for MDG.

66.     Chen knew that obtaining appropriate D&O insurance coverage was important for MDG and that MDG specifically needed and expected D&O insurance coverage and a defense for claims such as the Tendered Claims.

67.   Chen knew or should have known that if MDG did not have coverage or a defense for claims such as the Tendered Claims, MDG would suffer substantial losses.

68.   As set forth above, Aspen has taken the position that it has no duty to defend or indemnify MDG with respect to the Tendered Claims.

69.   If Aspen's position is correct, then in the alternative, Chen breached his duty of care in a grossly negligent manner in failing to obtain a D&O insurance policy which provided coverage and a defense for the Tendered Claims.

70.   If Aspen's position is correct, then in the alternative, Chen's gross negligence caused MDG to suffer substantial damages in an amount to be determined at trial.

## DOE DEFENDANTS

71.   All Defendants, including Doe Defendants, committed, participated in, and/or contributed to the above-referenced wrongful acts and omissions, and the above-referenced wrongful acts and omissions are alleged against each Defendant, including all Doe Defendants.

## PUNITIVE DAMAGES

72.   Defendants' wrongful acts and omissions as referenced above were grossly negligent, intentional, willful, and/or were done with a reckless indifference to the adverse consequences to and rights of MDG, justifying an award of punitive damages.

WHEREFORE, MDG respectfully requests that:

a.      An award of damages be entered in favor of MDG and against Aspen, Chen and/or Defendants, jointly and severally, in an amount to be proven at trial;

b.      An appropriate declaratory judgment be issued by the Court regarding Aspen's and/or Defendants' duties to defend and/or indemnify MDG with respect to the Tendered Claims;

c.      An award of punitive damages be entered in favor of MDG and against Aspen, Chen, and/or Defendants, jointly and severally, in an amount to be determined at trial;

d.      An award of prejudgment interest and reasonable attorneys' fees and costs be entered in favor of MDG and against Aspen, Chen, and/or Defendants, jointly and severally; and

e.      An award of such other and further relief as this Court deems just and equitable be entered in favor of MDG and against Aspen, Chen, and/or Defendants, jointly and severally.

DATED: Honolulu, Hawai`i, June 9, 2022.

/s/Bruce H. Wakuzawa
BRUCE H. WAKUZAWA
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| MARTIN DEFENSE GROUP, LLC, a Hawai`i Limited Liability Company,<br><br>     Plaintiff,<br>  vs.<br><br>ASPEN AMERICAN INSURANCE COMPANY, a Texas Corporation; CLIFFORD H.W. CHEN; DOE DEFENDANTS 1-100,<br><br>     Defendants. | Civil No._____<br>(Other Civil Action)<br><br>**JURY DEMAND** |

## <u>JURY DEMAND</u>

Pursuant to the Hawai`i Rules of Civil Procedure and Rules of the Circuit Courts of the State of Hawai`i, Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: Honolulu, Hawai`i, June 9, 2022.

/s/ Bruce H. Wakuzawa
BRUCE H. WAKUZAWA
Attorney for Plaintiff

| **STATE OF HAWAI'I**<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | **SUMMONS**<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|

| PLAINTIFF                                   VS. | DEFENDANT(S) |
|---|---|
| MARTIN DEFENSE GROUP, LLC, a Hawai`i Limited Liability Company, | ASPEN AMERICAN INSURANCE COMPANY, a Texas Corporation; CLIFFORD H.W. CHEN; DOE DEFENDANTS 1-100. |

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

BRUCE H. WAKUZAWA  #4312
Law Offices of Bruce H. Wakuzawa, ALC
Dillingham Transportation Building
735 Bishop Street, Suite 433
Honolulu, Hawai`i 96813
Telephone:  (808) 523-1007

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

Law Offices of Bruce H. Wakuzawa, ALC

Dillingham Transportation Building, 735 Bishop Street, Suite 433, Honolulu, HI  96813

_____ ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | **Effective Date of 28-Oct-2019**<br>**Signed by: /s/ Patsy Nakamoto**<br>**Clerk, 1st Circuit, State of Hawai'i** |  |
|---|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.

**TOM PETRUS & MILLER, LLLC**

RICHARD B. MILLER          3729-0
rmiller@tpm-hawaii.com
Tel. (808) 792-5855
ASHLEY R. SHIBUYA          10200-0
ashibuya@tpm-hawaii.com
Tel. (808) 792-5804
Finance Factors Center, Suite 650
1164 Bishop Street
Honolulu, Hawaii 96813
Facsimile: (808) 792-5809

Sabrina Haurin (Admitted *Pro Hac Vice*)
sharuin@baileycav.com
Christopher B. Burch (Admitted *Pro Hac Vice*)
cburch@baileycav.com
**BAILEY CAVALIERI LLC**
10 W. Broad Street, Suite 2100
Columbus, OH 43215
Telephone: (614) 221-3155
Facsimile: (614) 221-0479

Attorneys for Defendant
ASPEN AMERICAN INSURANCE COMPANY

Electronically Filed
FIRST CIRCUIT
1CCV-22-0000672
20-MAR-2023
03:30 PM
Dkt. 133 ANCMP

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| MARTIN DEFENSE GROUP, LLC, a Hawaii Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>ASPEN AMERICAN INSURANCE COMPANY, a Texas Corporation; CLIFFORD H.W. CHEN; DOE DEFENDANTS 1-100,<br><br>Defendants. | Civil NO.: 1CCV-22-0000672 (Other Civil Action)<br><br>**DEFENDANT ASPEN AMERICAN INSURANCE COMPANY'S ANSWER TO COMPLAINT; CERTIFICATE OF SERVICE** |

**DEFENDANT ASPEN AMERICAN INSURANCE
COMPANY'S ANSWER TO COMPLAINT**

For its Answer to the Complaint of Martin Defense Group, LLC ("MDG"), Defendant

Aspen American Insurance Company ("Aspen") states as follows:

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawaiʻi.
Dated at: Honolulu, Hawaiʻi 20-MAR-2023, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawaiʻi



## INTRODUCTION

1.      In response to paragraph 1 of the Complaint, Aspen denies the truth of the allegations that pertain to Aspen, and is without knowledge or information sufficient to form a belief as to the truth of the allegations that pertain to Defendant Clifford H.W. Chen ("Chen") and, therefore, denies the same.

## JURISDICTION

2.      Paragraph 2 of the Complaint contains legal conclusions to which no response is necessary.

3.      Paragraph 3 of the Complaint contains legal conclusions to which no response is necessary.

## PARTIES

4.      Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies the same.

5.      Aspen admits the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7.      Aspen admits the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 8 of the Complaint and, therefore, denies the same. The third sentence contained in paragraph 8 of the Complaint contains legal conclusions to which no response is necessary.

**FACTS**

9.      Aspen admits the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Aspen admits the truth of the allegations contained in paragraph 10 of the Complaint.

11.     In response to paragraph 11 of the Complaint, Aspen states that the terms and conditions contained in the Management Liability Package Policy for Private Companies, No. DSUMLP002444-20, that Aspen issued to MDG effective for the period from October 1, 2020 to October 1, 2021 (the "Policy") speak for themselves and, therefore, denies the truth of the allegations contained in that paragraph.

12.     In response to paragraph 12 of the Complaint, Aspen states that the terms and conditions contained in the Policy speak for themselves and, therefore, denies the truth of the allegations contained in that paragraph.

13.     In response to paragraph 13 of the Complaint, Aspen states that the terms and conditions contained in the Policy speak for themselves and, therefore, denies the truth of the allegations contained in that paragraph.

14.     In response to paragraph 14 of the Complaint, Aspen states that the terms and conditions contained in the Policy speak for themselves and, therefore, denies the truth of the allegations contained in that paragraph.

15.     In response to paragraph 15 of the Complaint, Aspen states that the terms and conditions contained in the Policy speak for themselves and, therefore, denies the truth of the allegations contained in that paragraph.

16.     In response to paragraph 16 of the Complaint, Aspen states that the terms and conditions contained in the Policy speak for themselves and, therefore, denies the truth of the

allegations contained in that paragraph.

17.     Aspen admits the truth of the allegations contained in paragraph 17 of the Complaint.

18.     In response to paragraph 18 of the Complaint, Aspen states that the terms and conditions contained in the Policy speak for themselves and, therefore, denies the truth of the allegations contained in that paragraph.

19.     In response to paragraph 19 of the Complaint, Aspen admits that the Policy contains a "Specific Litigation/Event Exclusion," but states that the terms of that exclusion speak for themselves and, therefore, denies the truth of the remaining allegations contained in that paragraph.

20.     In response to paragraph 20 of the Complaint, Aspen admits that the Policy contains a "Specific Litigation/Event Exclusion," but states that the terms of that exclusion speak for themselves and, therefore, denies the truth of the remaining allegations contained in that paragraph.

21.     In response to paragraph 21 of the Complaint, Aspen admits that the Policy contains a "Specific Litigation/Event Exclusion," but states that the terms of that exclusion speak for themselves and, therefore, denies the truth of the remaining allegations contained in that paragraph.

22.     Aspen admits the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Aspen denies the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Aspen admits the truth of the allegations contained in paragraph 24 of the Complaint.

25.     In response to paragraph 25 of the Complaint, Aspen states that the Criminal Complaint that the United States of America filed against Martin Kao, Mag. No. 20-01208-WRP,

on or about September 29, 2020 in the United States District Court for the District of Hawai'i (the "DOJ Matter") speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

26.     Paragraph 26 of the Complaint contains legal conclusions to which no response is necessary.

27.     In response to paragraph 27 of the Complaint, Aspen states that the DOJ Matter speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

28.     Aspen admits the truth of the allegations contained in paragraph 28 of the Complaint.

29.     In response to paragraph 29 of the Complaint, Aspen states that the Complaint that Navatek Capital Inc. ("NCI") filed against Martin Kao and others, Civil No. 1CCV-20-0001511, on or about November 9, 2020 in the Circuit Court of the First Circuit of Hawai'i (the "Underlying Lawsuit") speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

30.     Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31.     Aspen admits the truth of the allegations contained in paragraph 31 of the Complaint.

32.     In response to paragraph 32 of the Complaint, Aspen states that the Demand for Arbitration that NCI filed against Martin Kao and others on or about May 4, 2021 with Dispute Prevention & Resolution, Inc. (the "Underlying Arbitration") speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

33.     In response to paragraph 33 of the Complaint, Aspen states that the Underlying Arbitration speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

34.     In response to paragraph 34 of the Complaint, Aspen states that the Underlying Arbitration speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

35.     In response to paragraph 35 of the Complaint, Aspen states that the Underlying Arbitration speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

36.     In response to paragraph 36 of the Complaint, Aspen states that the Underlying Arbitration speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

37.     In response to paragraph 37 of the Complaint, Aspen states that the Underlying Arbitration speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

38.     Aspen admits the truth of the allegations contained in paragraph 38 of the Complaint.

39.     In response to paragraph 39 of the Complaint, Aspen states that the Cross-Claim that Martin Kao filed against MDG in the Underlying Arbitration on or about May 19, 2021 (the "Underlying Cross-Claim" or, together, with the Underlying Lawsuit and the Underlying Arbitration, the "Claim") speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

40.      In response to paragraph 40 of the Complaint, Aspen states that the Underlying Arbitration speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

41.      In response to paragraph 41 of the Complaint, Aspen states that the Underlying Arbitration speaks for itself and, therefore, Aspen denies the truth of the allegations contained in that paragraph.

42.      In response to paragraph 42 of the Complaint, Aspen admits that, on or about July 26, 2021, MDG submitted the Claim to Aspen for coverage under the Policy (the "July 26, 2021 Letter"), but denies the truth of the remaining allegations contained in that paragraph because the July 26, 2021 Letter speaks for itself.

43.      In response to paragraph 43 of the Complaint, Aspen admits that, on or about August 23, 2021, Aspen denied coverage for the Claim due to the application of the Policy's "Specific Litigation/Event Exclusion" (the "August 23, 2021 Letter"), but denies the truth of the remaining allegations contained in that paragraph because the August 23, 2021 Letter speaks for itself.

44.      In response to paragraph 44 of the Complaint, Aspen admits that, on or about September 2, 2021, MDG's counsel sent a letter to Aspen (the "September 2, 2021 Letter"), but denies the truth of the remaining allegations contained in that paragraph because the September 2, 2021 Letter speaks for itself.

45.      In response to paragraph 45 of the Complaint, Aspen states that the September 2, 2021 Letter speaks for itself and, therefore, denies the truth of the allegations contained in that paragraph.

46.     In response to paragraph 46 of the Complaint, Aspen admits that, on or about September 24, 2021, Aspen's counsel sent a letter to MDG (the "September 24, 2021 Letter"), but denies the truth of the remaining allegations contained in that paragraph because the September 24, 2021 Letter speaks for itself.

47.     Aspen denies the truth of the allegations contained in paragraph 47 of the Complaint.

48.     Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies the same.

49.     Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies the same.

50.     Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies the same.

## FIRST CLAIM

### (Negligence – Aspen)

51.     In response to paragraph 51 of the Complaint, Aspen reasserts and incorporates its responses to paragraphs 1 through 50 of the Complaint as if specifically restated herein.

52.     Aspen denies the truth of the allegations contained in paragraph 52 of the Complaint.

53.     Aspen denies the truth of the allegations contained in paragraph 53 of the Complaint.

54.     Aspen denies the truth of the allegations contained in paragraph 54 of the Complaint.

**SECOND CLAIM**

**(Bad Faith – Aspen)**

55.     In response to paragraph 55 of the Complaint, Aspen reasserts and incorporates its responses to paragraphs 1 through 54 of the Complaint as if specifically restated herein.

56.     Paragraph 56 of the Complaint contains legal conclusions to which no response is necessary.

57.     Paragraph 57 of the Complaint contains legal conclusions to which no response is necessary.

58.     Aspen denies the truth of the allegations contained in paragraph 58 of the Complaint.

59.     Aspen denies the truth of the allegations contained in paragraph 59 of the Complaint.

**THIRD CLAIM**

**(Declaratory Judgment – Aspen)**

60.     In response to paragraph 60 of the Complaint, Aspen reasserts and incorporates its responses to paragraphs 1 through 59 of the Complaint as if specifically restated herein.

61.     Aspen denies the truth of the allegations contained in paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint contains legal conclusions to which no response is necessary.

63.     Aspen denies the truth of the allegations contained in paragraph 63 of the Complaint.

**FOURTH CLAIM**

**(Gross Negligence – Chen)**

64.     In response to paragraph 64 of the Complaint, Aspen reasserts and incorporates its responses to paragraphs 1 through 63 of the Complaint as if specifically restated herein.

65.     Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and, therefore, denies the same.

66.     Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and, therefore, denies the same.

67.     Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and, therefore, denies the same.

68.     Aspen admits the truth of the allegations contained in paragraph 68 of the Complaint.

69.     Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and, therefore, denies the  same.

70.     Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and, therefore, denies the same.

**DOE DEFENDANTS**

71.     In response to paragraph 71 of the Complaint, Aspen denies the truth of the allegations that pertain to Aspen and is without knowledge or information sufficient to form a belief as to the truth of the allegations that pertain to the other defendants and, therefore, denies the same.

**PUNITIVE DAMAGES**

72.     In response to paragraph 72 of the Complaint, Aspen denies the truth of the allegations that pertain to Aspen, and is without knowledge or information sufficient to form a belief as to the truth of the allegations that pertain to the other defendants and, therefore, denies the same.

73.     Aspen denies the truth of each and every allegation contained in the Complaint that is not specifically admitted in this Answer and denies that MDG is entitled to any relief whatsoever.

**<u>AFFIRMATIVE DEFENSES</u>**

<u>First Defense</u>

74.     The Complaint fails to state a claim against Aspen upon which relief can be granted.

<u>Second Defense</u>

75.     Coverage for the Claim under the Policy is precluded or limited by the terms, conditions, exclusions, deductibles, limits of liability, warranties, applications, and other provisions of the Policy, and is further precluded or limited by applicable law.

<u>Third Defense</u>

76.     The Complaint is barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, laches, and/or release.

<u>Fourth Defense</u>

77.     The Complaint is barred and/or limited by the "Specific Litigation/Event Exclusion" because the Claim was based upon, arose out of, directly or indirectly resulted from, was in consequence of, was attributable to, or in any way involved the DOJ Matter, and/or because the Claim alleged a "Wrongful Act" alleged in or underlying the DOJ Matter.

<u>Fifth Defense</u>

78.     There is no coverage for the Underlying Cross-Complaint under the Directors and Officers Liability ("D&O") Coverage Section of the Policy because the Underlying Cross-Complaint constitutes a "Claim" against an "Insured" brought or maintained, directly or indirectly, by or on behalf of any "Insured Person."

<u>Sixth Defense</u>

79.     The Claim is barred by the known loss and/or loss-in-progress doctrine.

<u>Seventh Defense</u>

80.     Aspen has at all relevant times acted in good faith in the handing of the Claim under the Policy by appropriately investigating the Claim, effectively communicating with all relevant parties, and determining the status of coverage in an efficient and timely manner.

<u>Eighth Defense</u>

81.     Aspen relies on the defense that MDG's claims fail to state a valid claim for punitive damages.  Moreover, MDG's claims for punitive damages is barred or limited under Hawaii law and/or by the procedural due process guarantee, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection of the laws, and the guarantees against undue burden upon commerce as set forth in the United States Constitution.

<u>Ninth Defense</u>

82.     Aspen reserves its right to plead further and to allege additional defenses in response to amended pleadings, where discovery indicates such pleadings are supported, or as justice may require.

WHEREFORE, Aspen prays that:

A.       The Complaint herein be dismissed, and Aspen be given its fees and costs in

defending this matter;

B.       Aspen be given such other and further relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii March 20, 2023 .


 /s/ Ashley R. Shibuya
RICHARD B. MILLER
ASHLEY R. SHIBUYA
SABRINA HAURIN (Admitted *Pro Hac Vice*)
CHRISTOPHER B. BURCH (Admitted *Pro Hac Vice*)

Attorneys for Defendant
Aspen American Insurance Company

### IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAIʻI

| | |
|---|---|
| MARTIN DEFENSE GROUP, LLC, a Hawaii Limited Liability Company, | Civil NO.: 1CCV-22-0000672 (Other Civil Action) |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| vs. | |
| ASPEN AMERICAN INSURANCE COMPANY, a Texas Corporation; CLIFFORD H.W. CHEN; DOE DEFENDANTS 1-100, | |
| Defendants. | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that one (1) copy of the foregoing document was duly served electronically through the Judiciary Electronic Filing System (JEFS) at their last known email addresses, as follows:

Bruce H. Wakuzawa, Esq.
Law Offices of Bruce H. Wakuzawa, ALC
Dillingham Transportation Building
735 Bishop Street, Suite 226
Honolulu, HI 96813
bruce@brucewakuzawa.com
Attorney for Plaintiff
MARTIN DEFENSE GROUP LLC

Derek R. Kobayashi, Esq.
Brittney M. Wu, Esq.
Topa Financial Center, Fort Street Tower
745 Fort Street, Suite 1500
Honolulu, HI 96813
dkobayashi@schlackito.com
bwu@schlackito.com
Attorney for Defendant
CLIFFORD H.W. CHEN

DATED: Honolulu, Hawaii, March 20, 2023.

 /Ashley R. Shibuya
RICHARD B. MILLER
ASHLEY R. SHIBUYA
SABRINA HAURIN (Admitted *Pro Hac Vice*)
CHRISTOPHER B. BURCH (Admitted *Pro Hac Vice*)

Attorneys for Defendant
Aspen American Insurance Company