IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN DEFENSE GROUP, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ASPEN AMERICAN INSURANCE ) <br> COMPANY; CLIFFORD H.W. ) <br> CHEN; DOE DEFENDANTS 1–100, ) <br> ) <br> Defendants. ) <br> _____ | Civil No. 23-00166 SOM-KJM <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF MARTIN DEFENSE GROUP, LLC'S MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO
GRANT IN PART AND DENY IN PART PLAINTIFF
<u>MARTIN DEFENSE GROUP, LLC'S MOTION TO REMAND</u>

On May 10, 2023, Plaintiff Martin Defense Group, LLC ("Plaintiff") filed a Motion to Remand ("Motion"). ECF No. 12. On June 1, 2023, Defendant Aspen American Insurance Company ("Defendant") filed an Opposition to the Motion ("Opposition"). ECF No. 19. On June 8, 2023, Plaintiff filed a Reply. ECF No. 20.

The Court held a hearing on the Motion on June 22, 2023. ECF No. 22. Bruce H. Wazukawa, Esq., appeared on behalf of Plaintiff. Ashley R. Shibuya, Esq., appeared on behalf of Defendant. After carefully considering the parties' submissions, the applicable law, and the arguments presented at the hearing, the Court hereby FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART the Motion for the reasons set forth below.

BACKGROUND

On June 9, 2022, Plaintiff filed a complaint in the Circuit Court of the First Circuit for the State of Hawaii ("State Court") against Defendant, a Texas corporation, and Clifford H.W. Chen ("Mr. Chen"), Defendant's former Chief Financial Officer. ECF No. 12-1 at 2; *see* ECF No. 1-1. Mr. Chen is a Hawaii resident. ECF No. 12-1 at 2.

On November 8, 2022, Mr. Chen filed a Motion to Dismiss Plaintiff's claims in the State Court. ECF No. 12-5 at 2. On December 28, 2022, Plaintiff filed an opposition to Mr. Chen's Motion to Dismiss ("MTD Opposition"). *See* ECF No. 12-5. In Plaintiff's MTD Opposition, Plaintiff asked the State Court for leave to amend its complaint if the State Court decided to grant Mr. Chen's motion. ECF No. 12-5 at 11–12.

On January 13, 2023, the State Court issued an order granting Mr. Chen's Motion to Dismiss ("Dismissal Order"). *Id.* The Dismissal Order gave Plaintiff 60 days to file an amended complaint. *Id.*; *see* ECF No. 1-2 at 2. Plaintiff did not file an amended complaint. ECF No. 12-1 at 4.

On April 11, 2023, Defendant filed a Notice of Removal. *Id.*; *see* ECF No. 1. Defendant argues that in light of the State Court's dismissal of Plaintiff's claims against Mr. Chen, this court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DISCUSSION

I.      Removal Is Not Proper

"Removal is proper where the federal courts have original jurisdiction over an action brought in state court." *Pouratian v. Travelers Com. Ins.*, Case No. CV 15-1507 FFM, 2015 WL 12832099, at *1 (C.D. Cal. Mar. 6, 2015) (citing 28 U.S.C. § 1441(a)). "Courts recognize a 'strong presumption' against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 568 (9th Cir. 1992)).

An action, not initially removable, "may become removable when a plaintiff voluntarily dismisses all diversity-defeating defendants from a state court action." *Id.* (citing *Self v. General Motors*, 588 F.2d 655, 659 (9th Cir. 1978)).  The Supreme Court has stated:

> The obvious principle of [the decisions developing the voluntary/involuntary rule] is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case . . . and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, in invitum, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

*Abel v. Bank of Am., N.A.,* CIV. NO. 20-00176 LEK-WRP, 2020 WL 6257070, at *4 (D. Haw. Oct. 23, 2020) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282

(1918)).  Said differently, "[t]he [voluntary/involuntary] rule provides that a suit which, at the time of filing, could not have been brought in federal court must "remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) (citing *Self*, 588 F.2d at 657).

      Defendant argues that Plaintiff voluntarily abandoned its claims against Mr. Chen when Plaintiff failed to file an amended complaint.  ECF No. 19 at 12–14.  The Court disagrees.  Other district courts have rejected the argument that the "failure to do something constitutes a voluntary action under the voluntary-involuntary rule." *Shemp v. Yamaha Corp. of America*, No. 2:06-CV-00565-KJD-GWF, 2006 WL 2669185, *4 (D. Nev. Sept. 18, 2006) (finding that failure to file an opposition to the defendant's motion to dismiss was not an affirmative act necessary to overcome the voluntary-involuntary rule) (citing *Gandy v. Crompton*, Civil Action No. 3:98-cv628WS, 55 F.Supp.2d 593, 596–97 (S.D. Miss. 1999) (finding that plaintiff's failure to serve resident defendants was not a voluntary act that "clearly and definitively expressed a desire to discontinue the action."); *Cook v. Pep Boys-Mannie, Moe & Jack, Inc.*, 641 F. Supp. 43, 45–46 (E.D. Pa. 1985) (finding that plaintiff's lack of opposition to defendants motion for judgment on the pleadings was not a voluntary act).  Defendant does not cite any caselaw directly on point to support its voluntary abandonment argument under these facts.  In light of the contrary

persuasive authority the Court has identified, the Court finds that Plaintiff did not commit a voluntary act abandoning its claims against Mr. Chen.  Thus, Defendant has not met its burden to show removal is proper.

Furthermore, Hawaii Rules of Civil Procedure ("HRCP") 41 sets forth what Plaintiff needed to have done to voluntarily dismiss its claims against Mr. Chen before the State Court.  Haw. R. Civ. P. 41.  Under HRCP 41, a Plaintiff may voluntarily dismiss its claims by filing a notice of dismissal or by filing a stipulation signed by all parties who have appeared in the action.  Plaintiff has done neither.

Additionally, Plaintiff argues that the Dismissal Order is a non-final, interlocutory order, and thus Plaintiff maintains the right to appeal the State Sourt's decision.  ECF Nos. 12-1 at 6, 20 at 10–11.  Plaintiff also argued at the hearing that it maintained the right to file a subsequent motion to amend its complaint.  The Court agrees.  To find in favor of Defendant would deprive Plaintiff of its right to appeal or file subsequent motions with the State Court, further highlighting that Mr. Chen's dismissal was not a voluntary act by Plaintiff.

The Court finds that Plaintiff's decision not to file an amended complaint does not consitutte a voluntary act for purposes of removal.

Accordingly, the Court recommends that the district court grant the Motion and remand the action to the State Court.

II.     Plaintiff is Not Entitled Attorneys' Fees and Costs

Upon remand, a federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Chartrand v. PNC Bank*, Civil No. 19-00020 JAO-KJM, 2019 WL 5549257 at *11 (D. Haw. June 27, 2019) (citing *Kalamau v. Kaloi*, Civ. No. 13-00200 JMS-KSC, 2013 WL 3288064 at *1 (D. Haw. June 12, 2013); 28 U.S.C. § 1447(c)). "If, however, there is an objectively reasonable basis [for removal], fees should be denied." *Id.*

Plaintiff requests attorneys' fees and cost under 28 U.S.C. § 1447(c), arguing that Defendant's removal lacked merit. ECF No.12-1 at 8–9. Plaintiff points to Defendant's failure to cite precedent justifying any possible claim that federal jurisdiction exists in this case. *Id.*

"[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Chartrand*, 2019 WL 5549257 at *11 (citing *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)). The Court finds that Defendant had an objectively reasonable basis for removing this action because Plaintiff voluntarily elected not to file an amended

complaint against Mr. Chen, despite requesting leave to amend from the State Court.  This action presents a close question of whether a party's inaction consistutes a voluntary act.  Neither this district court nor the Ninth Circuit has precedent directly on the matter, and courts could reasonably differ on the result.  Accordingly, this Court recommends that the district court deny the Motion to the extent it requests attorneys' fees and costs under § 1447(c).

## CONCLUSION

Based upon the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART Plaintiff's Motion to Remand (ECF No. 12).  The Court FINDS that remand is proper and RECOMMENDS that the district court remand to State Court.  The Court further FINDS that Defendant had an objectively reasonable basis for removal and thus RECOMMENDS that the district court DENY Plaintiff's request for attorneys' fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 3, 2023.



Kenneth J. Mansfield
United States Magistrate Judge

*Martin Defense Group, LLC v. Aspen American Ins. Co., et al.,* Civil No. 23-00166 SOM-KJM; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Martin Defense Group LLC's Motion to Remand